IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GEORGE LEE MCGHEE, JR.**                                                            **PLAINTIFF**

**V.**                                        **CAUSE NO. 3:14-CV-95-CWR-LRA**

**UNITED STATES DISTRICT COURT OF**                              **DEFENDANT**
**SOUTHERN DISTRICT OF MISSISSIPPI,**
**HONORABLE DANIEL P. JORDAN, III**

### ORDER

Before the Court is the defendant's motion to dismiss. [6-7]. The plaintiff has responded [8-9] and the defendant has replied [10]. The Court has reviewed the facts, arguments, and applicable law, and is ready to rule.

**I.**     **Background**

On October 2, 2013, United States District Judge Daniel P. Jordan, III, issued an order resolving a lawsuit pending before his Court. *See* Order, *McGhee v. Shaw*, Docket No. 11, No. 3:13-CV-290-DPJ-FKB (S.D. Miss. Oct. 2, 2013) [*hereinafter* DPJ Order]. The lawsuit consisted of a 42 U.S.C. § 1983 claim filed by George McGhee, Jr., an inmate in custody of the Mississippi Department of Corrections, against Frank Shaw, the warden of McGhee's correctional facility. *See* Report and Recommendation, Docket No. 8, No. 3:13-CV-290-DPJ-FKB (S.D. Miss. Sept. 11, 2013).

After reviewing McGhee's claim and federal case law, Judge Jordan concluded that McGhee could not sue Shaw under § 1983 "until such time as McGhee successfully has [his] state-court conviction invalidated via appeal, post-conviction relief, habeas, or otherwise." DPJ Order at 2 (applying *Heck v. Humphrey*, 512 U.S. 477 (1994)). Judge Jordan then dismissed McGhee's case. *Id.*

McGhee did not appeal Judge Jordan's order. Instead, he sued Judge Jordan in the Circuit Court of Hinds County. [5]. There, McGhee alleged that "the United States District Court Judges have something against me[.] They have been protecting the State of Mississippi for ten years[.] I have file[d] case after case in this court and all [were] dismiss[ed]." *Id.* McGhee sought a judgment requiring Judge Jordan to "pay the sum of (10,000,000) ten million dollars for this unconstitutional act." *Id.*

The Department of Justice stepped in to represent Judge Jordan. [1]. The Department subsequently removed the case into this Court by invoking 28 U.S.C. § 1442. *Id.* This motion followed.

## II.     Present Arguments

Through counsel, Judge Jordan contends that this case must be dismissed under the doctrine of judicial immunity. [7]. Because McGhee's claim stems from judicial acts performed in Judge Jordan's official capacity, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), he says. *Id.*

McGhee responds that dismissing this case would prove that the Judges of this Court have something against him. [8 ¶1]. He argues that Judge Jordan's dismissal of the § 1983 suit against the warden was inappropriate. *Id.* ¶3. McGhee adds that it was fundamentally unfair for Judge Jordan's order to refer McGhee to the habeas process, as McGhee had already sought habeas relief years ago and was denied. *Id.* ¶5.

## III.    Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an

unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

## IV. Discussion

"A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citation omitted). According to the Supreme Court, the purpose of judicial immunity is to enable judges to impartially and faithfully apply the law:

> When officials are threatened with personal liability for acts taken pursuant to their official duties, they may well be induced to act with an excess of caution or otherwise to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct.

*Forrester v. White*, 484 U.S. 219, 223 (1988). Judicial immunity also encourages aggrieved parties to take their concerns to the appellate courts, rather than file new litigation. *Id.* at 225-27.

Judicial "immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

> This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the

controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Davis*, 565 F.3d at 222 (citation omitted). "These factors are broadly construed in favor of immunity." *Id.* at 223 (citation omitted).

Taking McGhee's allegations as true, as the Court must at this stage, he has not met the standard required to overcome judicial immunity. His claim against Judge Jordan stems from the Judge's Order dismissing McGhee's case. *Compare* [1] *with* DPJ Order. Judge Jordan's Order, however, was a normal judicial function, of the type expected to issue from judicial chambers, and on a case pending before the Court. *See id.* at 222. The law of judicial immunity requires McGhee's suit to be dismissed.

McGhee's frustration at being required to obtain forms of post-conviction relief he had already sought, without success, is understandable. Civil procedure can frustrate even the most experienced practitioners. But "the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have." *Forrester*, 484 U.S. at 226.

It also should be noted that Judge Jordan's order of dismissal simply quoted and applied controlling law. He did not have the authority to change *Heck v. Humphrey*. And even if his application of that binding Supreme Court decision was wrong, which it was not, the proper remedy was to appeal, not sue the judge. *Id.* at 227. A suit such as this cannot be maintained.

**V.     Conclusion**

The motion to dismiss is granted. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 4th day of September, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
